HOWARD O. WOOD, as Ancillary Receiver of the STANTON OIL COMPANY, Respondent, *v.* SECURITY TRANSFER AND REGISTRAR COMPANY, Appellant.

First Department, June 1, 1923.

Corporations — action by ancillary receiver to compel accounting by transfer agent and for damages for illegal transfer — complaint alleged that stock had been issued without authority, that plaintiff notified defendant not to transfer any shares and that defendant did transfer shares for persons not having legal title — complaint is insufficient in failing to show authority in plaintiff and that stock transferred was fraudulently issued.

In an action by an ancillary receiver of a corporation to compel a transfer agent to account and for damages for the illegal transfer of stock, the complaint, which alleges merely that the transfer agent knew that large amounts of stock had been issued unlawfully, that plaintiff notified the transfer agent not to transfer any shares until he could pass on the validity of the issue, and that the transfer agent afterward transferred shares of stock without plaintiff's knowledge for persons presenting such shares for transfer who had no legal title, is insufficient in failing to show authority on the part of the plaintiff to stop the transfer of shares presented to the transfer agent and in failing to allege that any stock so transferred was actually the fraudulently issued stock and was knowingly transferred by the transfer agent and that the title to the stock transferred is in the plaintiff or in the corporation for which he is acting as receiver; the allegation to the effect that the plaintiff is informed and believes that persons offering the stock for transfer had no title thereto is a legal conclusion only.

APPEAL by the defendant, Security Transfer and Registrar Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of October, 1922, denying defendant's motion for judgment dismissing the amended complaint made on the ground that it does not state facts sufficient to constitute a cause of action.

*Cook, Nathan & Lehman* [*Edgar M. Souza* of counsel], for the appellant.

*Wood, Cooke & Seitz* [*Hamilton McInnes* of counsel; *Howard O. Wood* with him on the brief], for the respondent.

McAVOY, J.:

The motion was to dismiss the complaint for failure to state a cause of action; this was denied on the ground that the objections urged were matters of defense.

The plaintiff sues as ancillary receiver of the Stanton Oil Company for an accounting by the defendant, which is the transfer agent of the corporation of which plaintiff is ancillary receiver, of all its acts in transferring stock of said corporation, and for damages for the transfer of such stock as it may be found by the court has been illegally or invalidly issued.

The complaint asserts that the defendant knew that it was alleged that large amounts of stock of the company, which, it was claimed, had been issued by officers of the company unlawfully and without authority, had been delivered to persons not entitled thereto; and that, after the opening of the stock book, plaintiff, the receiver, notified defendant not to transfer any shares of stock of the company until he could pass on the validity of the issue. The allegation then is that, notwithstanding the notice, defendant did afterward transfer 150,000 shares of stock without plaintiff's knowledge, and to which the plaintiff says the persons presenting such shares for transfer had no legal title.

The complaint is defective in failing to show authority on the plaintiff's part to halt the transfer of shares presented to defendant as transfer agent for transfer by holders of stock of the Stanton Oil Company. Nowhere is it alleged that any stock transferred by defendant was actually the fraudulently issued stock, or that the defendant knowingly permitted transfer of such fraudulent stock on the books of the company. The allegation to the effect that the plaintiff is informed and believes that persons offering the stock for transfer had no title thereto, is but a legal conclusion. Whether title is in the plaintiff or in the Stanton Oil Company or in some other person whom plaintiff represents does not appear.

The provisions of the order of the court appointing the receiver are not alleged, nor is a copy annexed to indicate under what power the receiver acted in making the direction to defendant.

If we could assume that he had the same authority as the corporation had, to direct its transfer agent to desist from transfer of its stock, there might be ground for an action, if besides this it were shown that, after notice to refrain from further transfer, fraudulently issued stock was transferred, which act caused damage to the company. But there is no fact pleaded from which it can be inferred that the stock so transferred was illegally or improperly issued, or that title thereto was in plaintiff as receiver of the corporation or otherwise. There is then no duty to plaintiff shown violated, or damage arising out of a violation of any duty owed to plaintiff alleged.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave to serve an amended complaint ten days hereafter.

CLARKE, P. J., DOWLING, MERRELL and FINCH, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint within ten days from service of order upon payment of said costs.